# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA SPENCER, | : Civil No. 3:17-cv-2158 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| DAVID VARANO, et al., | : |
| Defendants | : |

## MEMORANDUM

On November 15, 2017, Plaintiff Maria Spencer ("Spencer"), an inmate formerly housed at the Columbia County Prison, in Bloomsburg, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The allegations of the complaint pertain to Spencer's incarceration at the Columbia County Prison. (*Id.*). The remaining Defendants are Deputy Warden David Varano, Janelle Ackerman, and Joseph Fallencer.[1]

Presently pending before the Court is a motion (Doc. 59) to dismiss by Defendant Fallencer. Despite being directed to file a brief in opposition to Defendant Fallencer's motion to dismiss (Doc. 69), Spencer failed to respond to the motion and the time for responding has now passed.[2] In the absence of any timely response by Spencer, the

---

[1] On July 9, 2018, the Court granted a motion to dismiss by the Columbia County Defendants and dismissed several claims as barred by the doctrine of res judicata. (Docs. 55, 56). Defendant Fallencer was not served with proper notice of this lawsuit until after the other Columbia County Defendants filed their motion to dismiss and, therefore, was not a party to the previous motion to dismiss.

[2] Spencer was cautioned that failure to file a brief in opposition to Defendant Fallencer's motion would result in the motion being deemed unopposed. (Doc. 69 ¶ 2) (*see also* M.D. Pa. Local Rule 7.6

motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant the motion to dismiss.

I. **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

---

("Any party opposing any motion . . . shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion.")).

2

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. Allegations of the Complaint[3]

Spencer alleges that from July 29, 2014 through August 12, 2015, and October 3, 2015 through November 23, 2015, her constitutional rights were violated when she was housed as a pretrial detainee at the Columbia County Prison. (*See* Doc. 1). Spencer alleges that Defendant Fallencer was responsible for the prison kitchen and failed to provide her with meals and snack bags that complied with her medical diet. (*Id.* at pp. 8-9).

## III. Discussion

Defendant Fallencer moves to dismiss all claims against him based on the doctrine of res judicata due to the fact that Spencer previously filed the identical claims in a prior action. (Doc. 60).

Res judicata is an affirmative defense that may be properly raised in a Rule 12(b)(6) motion when its applicability is apparent on the face of the complaint. *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Res judicata comprehends both "claim preclusion" and "issue preclusion." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Claim preclusion "applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding." *Inofast Mfg., Inc. v. Bardsley*, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000), *aff'd mem.*, 265 F.3d 1055 (3d Cir. 2001). Issue preclusion, also

---

[3] The Court only includes the allegations pertaining to Defendant Fallencer.

known as collateral estoppel, "bars relitigation only of an issue identical to that adjudication in the prior action." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990). The party asserting claim preclusion must establish "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Inofast*, 103 F. Supp. 2d at 849; *see also Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1086 (3d Cir. 1988). In the case at bar, the Court finds that all three prongs are satisfied. It is readily apparent that from the face of Spencer's complaint that res judicata precludes the claims against Defendant Fallencer.

First, for purposes of a res judicata analysis, dismissal pursuant to Rule 41(b) is considered a final judgment on the merits. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits"). On November 13, 2015, this Court dismissed Spencer's previous action for failure to comply with a Court Order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Spencer v. Campbell, et al.*, Civil No. 3:15-cv-1584, (Doc. 20). Spencer did not file a motion for reconsideration in that case, or a notice of appeal. *See Spencer v. Campbell, et al.*, 3:15-cv-1584. Therefore, this Court's November 13, 2015 Order dismissing the prior action pursuant to Rule 41(b) is a final order that cannot be disturbed. *See* FED. R. CIV. P. 41(b). The United States Supreme Court has held that the effect of an involuntary dismissal pursuant to Rule 41(b) is that a party is barred from refiling the same claim in the same

court in which the claim was originally filed. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001).

With regard to the second prong, the Third Circuit has held that res judicata applies when a plaintiff has "asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)). Moreover, "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Id.* at 966 (citing *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950) ("[W]here ... res judicata is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have . . . enlarged the area of res judicata beyond any definable categories of privity between the defendants.")); *see also Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) ("Privity is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.") (internal quotation marks and citations omitted). In this case, Defendant Fallencer was not a party to the previous case, but he is closely related to the Defendants named in the prior case. Defendant Fallencer was employed as an official at the Columbia County Prison at all times relevant to the complaint, and was allegedly involved in the same violation of Spencer's constitutional rights as the

other Defendants. Therefore, Defendant Fallencer was in a "close" relationship with all Defendants for purposes of the res judicata assessment.

The third prong is likewise satisfied, as courts take a broad view of what constitutes a "cause of action" for res judicata purposes, focusing on whether the underlying events of the claims are "essentially similar." *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) (citing *U.S. v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). In making that determination, courts scrutinize "whether the acts complained of and the demand for relief are the same . . . whether the theory of recovery is the same . . . whether the witnesses and documents necessary at trial are the same . . . [and] whether the *material* facts alleged are the same." *Athlone Indus.*, 746 F.2d at 984 (internal citations omitted) (emphasis in original).

In the present action, Spencer sets forth nearly identical allegations as the allegations in the previous action. In the prior action, Spencer set forth the following relevant claims:

> Plaintiff is now unable to eat when she wants to eat, she must eat only at the three meal times the Defendant feeds the inmates. Because the Insulin given to the Plaintiff does not cover unexpected food intake.
>
> Defendants . . . would not insist the kitchen prepare and serve the Plaintiff her physician approved diet restriction meals. Plaintiff was given milk and cereal for 6 months after the Defendants['] physician ordered the Plaintiff to be given oatmeal every day because she could not tolerate milk or cheese.

See *Spencer v. Campbell, et al.*, Civil No. 3:15-cv-1584 (M.D. Pa. 2015) at (Doc. 14 ¶¶ 28,

39).

It is clear that the instant complaint has merely restated the cause of action from her previous court case. The relevant act complained of – denial of meals that adhered to Spencer's medical diet – is the same. Additionally, the theory of recovery – an Eighth Amendment violation – is the same. Spencer has had prior opportunities to litigate her claims against Defendant Fallencer. Spencer's present claims against Defendant Fallencer are substantially repetitive of the claims brought in the previous case filed with this Court. *Compare* (Doc. 1) *with Spencer v. Campbell, et al.*, 3:15-cv-1584 (M.D. Pa. 2015). Consequently, the claims against Defendant Fallencer will be dismissed as barred by res judicata.

## IV. Conclusion

Based on the foregoing, the Court will grant Defendant Fallencer's unopposed motion to dismiss. A separate Order shall issue.

Dated: January 30, 2019

Robert D. Mariani
United States District Judge